**Randy MILES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16650.**

Court of Criminal Appeals of Oklahoma.
Sept. 30, 1971.

Andrew T. Dalton, Jr., Appellate Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Randy Miles, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Tulsa County for the offense of Unauthorized Use of a Motor Vehicle, and received a two-year suspended sentence. The suspended sentence was ordered revoked, and from said order revoking the suspended sentence, a timely appeal has been perfected to this Court.

At the Revocation Hearing, evidence was presented that the defendant failed to fully inform the probation authorities of his correct address, that he was involved in violations of traffic ordinances, that he was convicted of two violations of driving without a license, that he was associating with persons who were charged with offenses, and that the defendant reported late to the Department of Corrections.

The defendant denied that he failed to report as instructed. He admitted that he had been fined for driving without a driver's license and interfering with an officer. He was not gainfully employed, but was attempting to find a job. He also admitted

that he gave false information in his probation report.

The sole proposition asserts that the punishment is excessive. The defendant argues that because of his age, under eighteen, the nature of the offense, and the minimal nature of the violations, that the punishment imposed is excessive. We have consistently held that we are without authority to modify a sentence unless we can conscientiously say under all the facts and circumstances that the sentence was so excessive as to shock the conscience of the court. Roberts v. State, Okl.Cr., 473 P.2d 264. The defendant entered a plea of guilty and received a two-year suspended sentence. He was specifically advised that if he violated the terms of his suspended sentence, he would be required to serve the sentence. It does not appear that the defendant complained about the length of the suspended sentence until such time as it was revoked. We cannot conscientiously say that the sentence imposed shocks the conscience of this Court. The order revoking the suspended sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.